<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TAMMY RICHARDS**, <br><br>  Plaintiff, <br><br> v. <br><br> **MONMOUTH COUNTY VOCATIONAL SCHOOL DISTRICT,** *et al.*, <br><br>  Defendants. | Civil Action No. 24-7325 (ZNQ) (RLS) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendants Monmouth County Vocational School District and Monmouth County Vocational School District Board of Education (collectively, "Defendants").[1] (the "Motion", ECF No. 8.) Defendants filed a brief in support. ("Moving Br.", ECF No. 8-1). Plaintiff Tammy Richards ("Plaintiff") filed a brief in opposition ("Opp'n Br.", ECF No. 14) to which Defendants replied ("Reply Br.", ECF No. 15).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY Defendants' Motion.

---

[1] The Complaint also names as an individual defendant Sharon Bryant, the Principal of Biotechnology High School. It appears, however, that despite multiple attempts Plaintiff was unable to successfully serve her (*see* ECF No. 7), and no answer or motion has been filed with this Court on her behalf.

1

I. **BACKGROUND AND PROCEDURAL HISTORY**

This is an employment discrimination and retaliation case. Plaintiff is a former guidance counselor at Biotechnology High School ("BHS") in Freehold, NJ. (Compl. ¶17.) Plaintiff began working at BHS during the 2019–2020 school year and received a "Highly Effective" performance rating[2]. (*Id*. ¶17, 19–20.) Defendant Monmouth County Vocational School District ("the District") renewed Plaintiff's employment contract for the 2020–2021 school year and named her "2021 Education Specialist of the Year." (*Id*. ¶22.) The District renewed Plaintiff's contract for the 2021–2022 school year. (*Id*. ¶24.)

In September 2021, Plaintiff began experiencing depression and insomnia following the death of a close friend and, at the recommendation of a psychiatrist, subsequently informed BHS principal, Sharon Bryant, of her need to take a medical leave of absence. (*Id*. ¶¶25, 27.) Plaintiff alleges that she did not disclose her medical diagnosis to Bryant or the anticipated length of her medical leave due to ongoing discussions with her psychiatrist. (*Id*. ¶29.) Plaintiff ultimately requested leave pursuant to the Family Medical Leave Act until December 14, 2021, which the District approved. (*Id*. ¶31.)

After participating in an intensive outpatient program, Plaintiff returned to work on December 15, 2021. (*Id*. ¶ 32.) On January 13, 2022, Bryant conducted a formal observation of Plaintiff and rated Plaintiff's "Program Planning and Management," "Program Delivery," "Communication and Collaboration," and "Professionalism," as "Partially Effective."[3] (*Id*. ¶38.) Bryant specifically criticized Plaintiff for: 1) "failing to schedule the administration of New

---

[2] A performance rating is based on a formal evaluation of six categories: professional knowledge, program planning and management, program delivery, assessment, communication and collaboration, and professionalism. (Compl. ¶36.)
[3] Plaintiff claims that Bryant also gave Plaintiff an "Effective Rating" for "Professional Knowledge" but failed to provide a rating for "Assessment" because Bryant allegedly did not observe Plaintiff perform her duties on the date indicated in the observation.

Jersey's 'Start Strong Assessment' before '[she] went out on leave,'" 2) "failing to implement 504 Plans before she 'left out on leave,'" 3) "failing to create Student Growth and Objectives (SGOs) plans 'in the fall,'" and (4) "failing to write letters of recommendation for seniors." (*Id*. ¶39.) A few weeks later, the District's Director of Curriculum & Instruction Kelly Harmon conducted another formal evaluation of Plaintiff and rated her "Effective" in each of the above-mentioned categories. (*Id*. ¶ 48.)

On March 7, 2022, Plaintiff had to report for jury duty and was ultimately selected as a juror for a seven-day trial but reported to work each day court was not in session. (*Id*. ¶51-53.) On April 1, 2022, Director of School Counseling Joseph Senerchia ("Senerchia") conducted a third formal observation of Plaintiff and rated Plaintiff "Effective" in Professionalism and Assessment and "Partially Effective" in Professional Knowledge, Program Planning and Management, and Program Delivery. (*Id*. ¶54.) Senerchia criticized Plaintiff for: 1) "failing to conduct a training session for [the District's] administration of New Jersey's NJGPA assessment"; 2) "failing to review training materials for the NJGPA with staff"; and 3) "only being available on the first of three days of NJGPA testing." (*Id*. ¶55.)

On April 8, 2022, Bryant informed Plaintiff that, due to Plaintiff's recent evaluations, Bryant recommended to the Monmouth County Vocational School District Board of Education ("Board") that it not renew Plaintiff's contract for the 2022–2023 school year. (*Id*. ¶60.) As a non-tenured employee, Plaintiff requested a hearing before the Board to challenge the non-renewal recommendation.[4] At the hearing on June 28, 2022, Plaintiff presented testimony from two parents, two students, and the District's International Baccalaureate Coordinator in support of her renewal. (*Id*. ¶65.) Plaintiff alleges that the hearing, including the Board's deliberation, lasted a

---

[4] N.J.S.A. 18:27-4.1b.

3

total of fifteen minutes.  (Id. ¶66.)  The Board ultimately decided to accept the recommendation[5] of nonrenewal.  (*Id*. ¶¶66, 69.)

On June 27, 2024, Plaintiff filed a three-count Complaint in this Court alleging: (1) retaliation and interference with rights, in violation of the Family Medical Leave Act, 29 U.S.C. § 2615 (Count One) (*id*. ¶¶78–80); (2) disability discrimination, in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12(a) (Count Two) (*id*. ¶¶ 81-83); and (3) retaliation, in violation of NJLAD, N.J.S.A. 10:5-12(d) (Count Three) (*id*. ¶¶84–88).  In sum, Plaintiff asserts that the nonrenewal of her contract was motivated by disability discrimination and was in retaliation for taking federally-protected medical leave.  On August 7, 2024, Defendants filed the instant Motion.

## II.     SUBJECT MATTER JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the Complaint's claims under federal law and supplemental jurisdiction under 28 U.S.C. § 1367 as to the Complaint's claims based on state law.

## III.    LEGAL STANDARD

A district court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  When considering a motion under 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Moreover, the court must accept as true all the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  The

---

[5] The Complaint consistently refers to the District/Board's communications prior to the Hearing as "recommending" and "recommendations."  Defendants dispute this characterization, as will be further discussed, *infra*.

court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

### IV.  DISCUSSION

Defendants move to dismiss on the basis that all three claims are time barred. (Moving Br. at 9.) They contend that the FMLA and the NJLAD that govern all of the Complaint's claims have a two-year statute of limitations period. (*Id.*) (citing 29 U.S.C. § 2617(c)(1)). They argue that the statute of limitations period began to run on April 13, 2022. There is no explicit basis for this date in the Complaint. It is the date Plaintiff acknowledged receipt of a written notice from the District's Superintendent that Plaintiff's contract was not going be renewed ("Nonrenewal Notice.") (Moving Br. at 10; Exhibit A, ECF No. 8-3.) Plaintiff does not object procedurally to Defendants' reliance on the Nonrenewal Notice on this Motion.

5

As a preliminary matter, the Court assesses whether consideration of the Nonrenewal Notice is appropriate here despite its conspicuous absence from the Complaint. It is significant that Plaintiff neither objects to the Court's consideration of the Nonrenewal Notice nor denies having received it. Moreover, in the relevant language expressed by the Third Circuit, the Court first finds that the Complaint is "based" on the Nonrenewal Notice insofar as it is the statutorily-required, written expression of the District's nonrenewal position. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Second, artful pleading aside, the Court finds it is "not unfair" to hold Plaintiff accountable for the contents of the Nonrenewal Notice, and Plaintiff should not "be able to evade accountability" for the Nonrenewal Notice "simply by not attaching [it] to [her] complaint." *See id.* at 250. The Court therefore concludes that the Nonrenewal Notice is fairly considered in this Rule 12(b)(6) context.

Plaintiff does, however, challenge the Nonrenewal Notice on another ground. She contends it should be deemed insufficient to put her on notice and therefore she neither knew nor should have known of her claim. First, she argues that "Defendant Bryant's April 8, 2022, communication regarding her *recommendation* not to non-renew Plaintiff's employment contract was neither final, nor dispositive." (Opp'n Br. at 12) (emphasis in original). Second, Plaintiff says, the relevant New Jersey statute expressly states that the purpose of the hearing is "to provide the staff member the opportunity to convince the board of education members to offer reemployment," confirming, if indirectly, that the Nonrenewal Notice is not final. (*Id.*) (citing N.J.S.A. 18A:27-4.1).

On reply, Defendants are silent as to Plaintiff's characterization of her April 8, 2022 meeting with Defendant Bryant.[6] Instead, Defendants argue that the subsequent Nonrenewal

---

[6] The Court attributes Defendants' silence to their appreciation that it is procedurally difficult to dispute Plaintiff's characterization of the April 8, 2022 meeting in the context of a motion to dismiss.

6

Notice was clear and unambiguous in expressing its finality. (Moving Br. at 11.)  They argue that the Plaintiff's receipt of the Nonrenewal Notice is the time of the purportedly discriminatory act that starts the clock for purposes of a statute of limitations.  (*Id*. at 15.)

"Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt*, 770 F.3d at 249 (citation omitted).  The Third Circuit does, however, allow a defendant to raise a statute of limitations defense argument in a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Id*. (citation omitted).  The time bar must be "apparent on the face of the complaint" to afford the basis for a dismissal of the complaint under Rule 12(b)(6).  *Id.*

The issue here is whether the basis for dismissal of the Complaint is indeed apparent on the Complaint's face.  Because the Court has concluded that it is proper to consider the Notice of Renewal on this motion, that Notice is also considered.  The Nonrenewal Notice is such a major feature of the parties' dispute that it merits quoting in its entirety:

> I regret to inform you that your employment contract with the Monmouth County Vocational School District Board of Education will not be renewed lor the 2022-2023 school year and that your employment with the Board of Education will end effective June 30, 2022.  This letter shall constitute notice of non-renewal in accordance with the law.
>
> Additionally, you have the right to request a statement of reasons as to why your contract was not renewed; such a request must be made in writing addressed to the undersigned no more than 15 days after receipt of this letter notice.  After receiving the statement of reasons for non-renewal, you may request an informal appearance before the Board of Education.  This request must be submitted in writing within ten (10) calendar days of receipt of my statement of reasons.
>
> Enclosed is information concerning the continuation of health benefits through COBRA.  Your health benefits will terminate on June 30, 2022 unless you qualify and participate in COBRA.

> Thank you for your work on behalf of the students of the Monmouth County Vocational School District Board of Education. If you have any questions, please do not hesitate to contact this office. We wish you much success in your future endeavors.

(Nonrenewal Notice.)

For obvious reasons, Plaintiff couches the Notice as a mere recommendation, but the Court sees no indicia that it should be so construed. The entire first paragraph uses exclusively final language and concludes with the clear assertion that "[t]his letter shall constitute notice of non-renewal in accordance with the law." The second paragraph provides what the Court would describe as a description of Plaintiff's right to appeal the decision, which does not militate against the Notice's finality. The third paragraph communicates the timing of the conclusion of Plaintiff's health benefits, which also distinctly implies finality. Even the last paragraph—thanking Plaintiff for her work and wishing her well in the future—bespeaks the Notice's finality. The Court therefore has doubts as to the reasonableness of Plaintiff's belief that the Nonrenewal Notice did not provide her with notice of her claim. As set forth above, the inquiry is an objective one and the Notice is clear.

Nonetheless, the Court is mindful of two important features of this stage of the proceedings: 1) all factual allegations in a complaint are to be resolved in a plaintiff's favor and 2) a statute of limitations defense must be clear on the face of a complaint. Here, Plaintiff's briefing—and a liberal reading of the Complaint—suggest that something in the communication between Plaintiff and Defendant Bryant during the April 8, 2022 meeting may have led to Plaintiff (or, more aptly,

a reasonable person in Plaintiff's position) to misinterpret the Nonrenewal Notice.[7]  Plaintiff should be afforded an opportunity to expand on any additional information, to the extent it exists, concerning her interpretation of the Notice.  Accordingly, the Court will dismiss the Complaint but will do so without prejudice to Plaintiff's right to amend her complaint to further articulate the factual bases as to why the Nonrenewal Notice should not be treated as the accrual date of her claims.

## V.     CONCLUSION

For the reasons stated above, the Court will GRANT Defendants' Motion.  The Complaint will be DISMISSED WITHOUT PREJUDICE and with leave to amend to remedy the deficiencies identified herein.  An appropriate Order will follow.

Date: March 17, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[7] The Nonrenewal Notice is clear enough on its face that the Court may dismiss the amended complaint with prejudice on a subsequent motion in spite of what was said by Defendant Bryant at the April 8, 2022 meeting.  To that end, the Court instructs the parties to also clarify what distinction, if any, there is between Defendant Bryant's own "recommendation" and the Notice of Nonrenewal, which was signed by the Charles R. Ford, Jr., as Superintendent of Monmouth County Vocational School District.  To the extent Bryant's recommendation was to the Board and/or District and the Nonrenewal Notice was the Board/District's final decision in light of that recommendation, it would also militate in favor of the finality of the Nonrenewal Notice.  The Court also instructs Plaintiff to take the opportunity to amend her pleading to specify that her FMLA claim (Count One) is limited to a willful violation as she argues in her briefing.