**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TAMMY RICHARDS,**<br><br>Plaintiff,<br><br>v.<br><br>**MONMOUTH COUNTY VOCATIONAL SCHOOL DISTRICT**, *et al.*,<br><br>Defendants. | Civil Action No. 24-7325(ZNQ) (RLS)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Sharon Bryant ("Bryant"). ("Def.'s Mot.", ECF No. 33.) Bryant's Motion was accompanied by a moving brief. ("Def.'s Moving Br.", ECF No. 33-1.) Plaintiff Tammy Richards ("Plaintiff") opposed ("Pl.'s Opp'n Br.", ECF No. 35), and Bryant replied ("Def.'s Reply Br.", ECF No. 36).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY Bryant's Motion to Dismiss.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

The Court writes for the benefit of the parties and as such, the Court directs the parties its December 16, 2025 Opinion for a more detailed recitation of the facts. ("Dec. 16, 2025 Op." at 2–5, ECF No. 25.)

[1] For the purpose of considering Bryant's Motion to Dismiss, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

On June 27, 2024, Plaintiff filed a three-count Complaint alleging: (1) retaliation and interference in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 ("Count One"); (2) disability discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12(a) ("Count Two"); and (3) retaliation in violation of NJLAD, N.J. Stat. Ann. § 10:5-12(d) ("Count Three"). (ECF No. 1.) On August 7, 2024, Defendants Monmouth County Vocational School District ("MCVSD") and Monmouth County Vocational School District Board of Education (the "Board", and together with MCVSD and Bryant, "Defendants") filed a Motion to Dismiss the Complaint (the "First Motion to Dismiss").[2] (ECF No. 8.) Thereafter, the Court granted the First Motion to Dismiss and dismissed the Complaint without prejudice, granting Plaintiff leave to amend to remedy the pleadings. (ECF Nos. 16, 17.)

On April 15, 2025, Plaintiff filed an Amended Complaint asserting the same three claims. ("Am. Compl.", ECF No. 19.) On May 19, 2025, Defendants filed another Motion to Dismiss[3] Plaintiff's Amended Complaint under Federal Rule 12(b)(6) (the "Second Motion to Dismiss").[4] (ECF No. 22.) On December 16, 2025, the Court issued an Opinion and Order granting in part and denying in part the Second Motion to Dismiss. (Dec. 16, 2025 Op.; "Dec. 16, 2025 Order", ECF No. 26.) The Court dismissed Counts Two and Three of the Amended Complaint for failure to state a claim upon which relief can be granted without prejudice, and provided Plaintiff leave to file a second amended complaint within thirty days to remedy the deficiencies identified by the Court. (*See* Dec. 16, 2025 Op. at 11–14.; Dec. 16, 2025 Order.) Plaintiff did not file a second

[2] Despite the asserted issues as to the sufficiency of service of process that will be addressed herein, Bryant joined the First Motion to Dismiss and reserved her rights to challenge Plaintiff's attempts to effectuate service. (*See* ECF No. 8-1 at 14 n.4.)
[3] Like the First Motion to Dismiss, Bryant joined the Second Motion to Dismiss and asserted the same reservation of rights to challenge service of process. (ECF No. 22-1 at 26 n.5.)
[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

amended complaint within that timeframe, and therefore, the Court dismissed Counts Two and Three of the Amended Complaint with prejudice on March 9, 2026. (ECF No. 32.) Count One of the Amended Complaint otherwise remained viable. (*See* Dec. 16, 2025 Op. at 7–11.)

Given that Plaintiff has not filed a second amended complaint, Plaintiff's Amended Complaint is still the operative pleading for this matter. (*See generally* Am. Compl.) MCVSD and the Board filed an Answer to Plaintiff's Amended Complaint on March 12, 2026. (ECF No. 34.) On that same date, Bryant filed a Motion to Dismiss for Insufficient Service of Process under Rule 12(b)(5) and Failure to State a Claim under Rule 12(b)(6). (Def.'s Mot.) Plaintiff opposed (Pl.'s Opp'n Br.), and Bryant replied (Def.'s Reply Br.).

## II. <u>SUBJECT MATTER JURISDICTION</u>

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the Amended Complaint's claims under federal law. The Court also has diversity jurisdiction based on the diversity of the parties and because the value of the matter in controversy exceeds $75,000.

## III. <u>LEGAL STANDARD</u>

### A. MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 12(b)(5), a party may file a motion asserting insufficient service of process as a defense.

Rule 4 establishes the procedural requirements that must be met for proper service under Rule 12(b)(5). "If a defendant is not served within [ninety] days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Upon a showing of good cause for the delay

by the plaintiff, the court "must extend the time for service for an appropriate period." *Id.* "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, Civ. No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1. 2008) (quoting *Carpenter v. Young*, Civ. No. 04-927, 2004 WL 1858353, at *2 (E.D. Pa. Aug. 3, 2004)), *aff'd*, 364 F. App'x 791 (3d Cir. 2010).

**B. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Rule 8(a)(2) requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

When considering a motion to dismiss under Rule 12(b)(6), the district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

The district court's role in reviewing the sufficiency of the complaint is simple: it does not determine "whether the plaintiffs will ultimately prevail," but rather "whether they are entitled to offer evidence to support their claims." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. DISCUSSION

Bryant moves to dismiss Plaintiff's Amended Complaint on two grounds: (1) that service of process was insufficient; and (2) that Count One fails to state a claim against her, individually. The Court addresses each in turn.

### A. INSUFFICIENT SERVICE OF PROCESS

Byrant contends that service was never properly effectuated because: (1) Plaintiff attempted to personally serve her at her place of work while she was not present; and (2) service was never completed within the ninety-day period prescribed by Rule 4(m). (*See* Def.'s Moving Br. at 8–9.) In opposition, Plaintiff contends that Bryant waived her insufficient service of process defense under Rules 12(g) and (h) given that the First and Second Motions to Dismiss did not address the sufficiency of service upon Bryant. (Pl.'s Opp'n Br. at 3–4.) Plaintiff argues, in the alternative, that if the Court were to find that service was insufficient, the Court should permit Plaintiff to re-attempt service under Rule 4(m) for good cause shown. (*Id.* at 5–7.) As a threshold matter, the Court turns to whether Bryant waived her ability to bring a motion to dismiss for insufficient service of process.

Pursuant to Rule 12(h)(1), a Rule 12(b)(5) defense can be waived if it is omitted from a motion under the circumstances described in Rule 12(g)(2). Fed. R. Civ. P. 12(h)(1). To that end, Rule 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a [Rule 12 motion] must not make another [Rule 12 motion] raising a defense or objection that was *available to the party but omitted from its earlier motion*." Fed. R. Civ. P. 12(g)(2) (emphasis added). "[S]ince its adoption, Rule 12(g) has been understood to require a party moving under Rule 12 . . . to consolidate all Rule 12 defenses and objections available to the party." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1391 (3d ed. Apr. 2026 update). Taken together, these Rules "provide that a party waives its Rule 12(b)[(5)] defense if it previously made a Rule 12(b) motion, the Rule 12(b) [(5)] defense was available to the moving party at that time, and the moving party omitted that defense from its motion." *Laydon v. Mizuho Bank, Ltd.*, Civ. No. 12-3419, 2015 WL 1499185, at *5 (S.D.N.Y. Mar. 31, 2015). Rule 4(m) is similarly "subject to [the] waiver provisions [of Rule 12] and may be waived if not raised in compliance with that Rule." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 195 (3d Cir. 1998).

Bryant contends that her insufficient service of process defense was not available at the time the First and Second Motions to Dismiss were filed because: (1) the Rule 4(m) service period had not expired at that time; and (2) Bryant was not yet served and, therefore, not a party. (Def.'s Reply Br. at 7–8.) Moreover, Bryant contends that she expressly reserved her rights to raise the defense later in the litigation. (*Id.* at 8.) The Court finds these arguments unpersuasive.

Here, a portion of Bryant's insufficient service arguments pertain to the method in which Plaintiff attempted to effectuate service — namely, by attempting to personally serve Bryant at her place of employment when she was not present. (Def.'s Moving Br. at 8; *see also* ECF No. 7 (Affidavit of Due Diligence regarding three attempts to personally serve Bryant at her place of

employment in Freehold, New Jersey).) Under Rule 4(e), service of process upon an individual may be effected by: (1) personally delivering a copy of the summons and complaint to the individual; (2) leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age and discretion; (3) delivering a copy to an agent authorized to receive service of process; or (4) by following state law for serving a summons and complaint. Fed. R. Civ. P. 4(e). New Jersey Court Rule 4:4-4(a)(1) provides similar parameters for serving an individual with the summons and complaint. Given that Plaintiff attempted personal service three times at Bryant's place of employment on July 19, 25, and 29, 2024 (*see* ECF No. 7), which Bryant submits was improper, it appears that this aspect of Bryant's defense was available at the time the First Motion to Dismiss was filed on August 7, 2024. Consequently, this portion of the defense is waived.

The Court next turns to whether Bryant's timeliness argument under Rule 4(m) is waived. Rule 4(m) provides that the summons and complaint must be served within ninety days after the complaint is filed with the court. Fed. R. Civ. P. 4(m). Here, the Complaint was filed on June 27, 2024. (ECF No. 1.) The First Motion to Dismiss was filed on August 7, 2024. (ECF No. 8.) The ninety-day period to serve Bryant with the Complaint expired on September 25, 2024. Thus Bryant is correct that, at the time of the First Motion to Dismiss, the defense was not available to her because the period for effectuating proper service had not expired. However, by the time the Second Motion to Dismiss was filed on May 6, 2025, Bryant's timeliness argument under Rule 4(m) was available to her. Although Plaintiff did not object to Bryant's reservation of rights (*see* ECF Nos. 14, 23), the Court is not persuaded that Bryant's footnoted reservation trumps the waiver provisions provided by Rules 12(g) or (h). Nor does Bryant provide the Court with any caselaw

to support that contention. Accordingly, the Court finds that the timeliness aspect to Bryant's defense under Rule 4(m) is also waived. *See McCurdy*, 157 F.3d at 195.

Both parties in this case have sought to sit on their procedural rights. In its First Motion to Dismiss Opinion, the Court put Plaintiff on actual notice that Byrant was not properly served. (*See* "Mar. 17, 2025 Op.", at 1 n.1, ECF No. 16.) The docket shows that Plaintiff never attempted to re-effectuate service on process of Bryant. Plaintiff never requested an extension of time to serve Bryant. Nor has Plaintiff requested leave for alternative service. Alternatively, Byrant was well aware of these service issues and did not move to dismiss at the time the defense accrued or at her first opportunity to do so. To the extent any personal jurisdictional issues remain, the Court has little doubt that Bryant has actual notice of this action. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (explaining that all "[d]ue process requires that the defendant be given adequate notice of the suit"); *Kulko v. Superior Ct. of Cal.*, 436 U.S. 84, 91 (1978) ("The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought").[5] The parties are well familiar with the underlying facts of this matter given that the docket demonstrates that Defendants share the same counsel, and that Defendants' counsel has filed three dispositive motions on their behalf thus far. In each motion, counsel purported to reserve Bryant's right to challenge the sufficiency of service, while simultaneously attacking the sufficiency of Plaintiff's pleadings as to Bryant, individually, as well as to all Defendants. If Bryant were truly "unaware of the claims asserted against" her in this action, she "could not have submitted motions to this [C]ourt regarding such claims." *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 529 (M.D. Pa. 2010).

[5] The Court further notes that Bryant never moved to dismiss for lack of personal jurisdiction in light of Plaintiff's service of process issues.

Accordingly, the Court finds that Bryant has waived her service of process defense by not bringing it at the first opportunity the defense became available. The Court will deny Bryant's Motion to Dismiss under Rule 12(b)(5).

**B. FAILURE TO STATE A CLAIM**

Bryant argues that Count One must be dismissed as to her, individually, because Plaintiff has not pleaded that Bryant was Plaintiff's employer within the meaning of the FMLA, and that Plaintiff has pleaded, at most, a disagreement with manager's assessment of her performance. (Def.'s Moving Br. at 10–12.) Although the Third Circuit has not adopted a pleading standard for individual liability under the FMLA, it is well-settled in this Circuit that "an individual is subject to FMLA liability when he or she exercises 'supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation' while acting in the employer's interest." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012) (citing *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987)).

Here, the Amended Complaint alleges that Bryant was the Principal of Biotechnology High School, and was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. (Am. Compl. ¶¶ 11–12.) Plaintiff also alleges that she informed Bryant of her intent to take FMLA leave, and that shortly after she returned from leave, Bryant rated Plaintiff "partially effective" in a formal evaluation. (*Id.* ¶¶ 38–40.) Moreover, Plaintiff pleads that Byrant issued a performance report on April 8, 2022, which recommended that Plaintiff should be dismissed and her contract should not be renewed. (*Id.* ¶¶ 62–64.) Plaintiff further alleges that the Board ultimately adopted Bryant's recommendation. (*Id.* ¶ 79.) Taking Plaintiff's allegations as true, Plaintiff has articulated adequate facts plausibly pleading that Bryant, as an individual with supervisory authority, was wholly or partially responsible for the alleged violation of the FMLA. *Haybarger*,

667 F.3d at 417; *see also Shreve v. N.J. Motor Vehicle Comm'n*, Civ. No. 15-7957, 2016 WL 5334661, at *3 (D.N.J. Sept. 22, 2016) (denying motion to dismiss under the FMLA where the plaintiff alleged that the individual defendant had supervisory authority to suspend the plaintiff without pay, reject the plaintiff's employment accommodation plan, and terminate the plaintiff's employment).

Accordingly, the Court finds that Plaintiff has stated a claim upon which relief can be granted as to Bryant's individual liability under Count One. The Court will deny Byrant's Motion to Dismiss under Rule 12(b)(6).[6]

## V. CONCLUSION

For the reasons stated above, the Court will DENY Bryant's Motion to Dismiss. An appropriate Order will follow.

Date: October 28, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

[6] The Court does not reach Bryant's arguments as to Counts Two and Three. As set forth above, the Court already dismissed those claims with prejudice on March 9, 2025. (*See* ECF No. 32.)